UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINORU IMAI and MARI IMAI,<br><br>   Plaintiffs,<br><br>v.<br><br>DIAMOND RESORTS CORPORATION, DIAMOND RESORTS HAWAII COLLECTION, LLC, DIAMOND RESORTS FINANCIAL SERVICES, INC., and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.:  19-cv-02000-GPC-AGS<br><br>**ORDER TRANSFERING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION.**<br><br>**ECF No. 1.** |

The instant case raises the question of whether the Court should entertain the pending motion to compel arbitration, (ECF No. 3), as it appears to have been filed in the wrong court. Considering the circumstances of Defendants' removal, the Court declines to hear Defendants' motion, and transfers the case to the Southern Division of the Central District of California.

### I.   Background

On October 17, 2019, the above-captioned Defendants filed a notice of removal from Orange County Superior Court. (ECF No. 1.) Defendants assert proper federal jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the parties are diverse and the amount-

1

in-controversy exceeds $75,000. (*Id.* at 1–4.) Defendants assert, moreover, that "venue in this District Court is proper for purposes of removal because this action is currently pending in the Superior Court of California, County of Orange, which is in the same District as the United States District Court for the Central District of California." (*Id.* at 5–6). Defendants cite 28 U.S.C. § 84(c)(3) for the proposition that "the Central District of California, Southern Division, includes Orange County." (*Id.*)

## II.     Legal Standard & Analysis

A district court of the Ninth Circuit may raise the issue of improper venue *sua sponte* where defendants have not filed a responsive pleading to the complaint or otherwise waived their right to object to the action's improper venue.[1] *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When removing a civil action from state court to federal court, a defendant must file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). If the defendant files the case in an improper district, i.e. "file[s] a case laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406; *see Collins v. Virtela Tech. Servs., Inc.*, No. C-12-613-CW, 2012 WL 4466551, at *4 (N.D. Cal. Sept. 26, 2012).

Currently, there "is no binding Supreme Court or Ninth Circuit authority" as to whether the court reviewing venue "is required to remand the action to the [state court] or has the power to transfer this action to [the district to which the case should have been

---

[1] After removing the instant complaint to federal court, Defendants filed a motion to compel arbitration. (ECF No. 3.) Defendants have not yet filed an Answer or other responsive pleading. Defendants still have time to file a responsive pleading as the Court has not yet ruled on the motion. *See* Fed. R. Civ. P. 12(a)(4) (noting that "serving a motion under this rule alters" the time to file a responsive pleading until after the court has ruled on the motion). Consequently, Defendants have not waived their right to contest improper venue.

removed]." *Shamrock Mfg. Co. v. Ammex Corp.*, No. CV-F-10-908-OWW, 2010 WL 3153976, at *2 (E.D. Cal. Aug. 9, 2010). Courts around the country have struggled with what to do in such situations, *see generally id.* (cataloguing cases transferring and remanding); *see also Maysey v. CraveOnline Media, LLC*, No. CV 09-1364-PHX, 2009 WL 3740737, at *1 (D. Ariz. Nov. 5, 2009), and have decided whether to transfer or remand based on the specific circumstances of the case at bar. *See Hampton Pugh Co. LLC v. Monsanto Co.*, No. 3:17-CV-200-DPM, 2018 WL 295563, at *2 (E.D. Ark. Jan. 4, 2018) (cataloguing some such circumstances, including, the role of a pro se defendant, the specific venue provision at issue, and the nomenclature of the districts).

Here, the Court follows the example set in *Shamrock*. In the instant case, as in *Shamrock*, it appears Defendants filed the notice of removal in the Southern District of California, as opposed to the Southern Division of the Central District of California. *Cf. Shamrock*, 2010 WL 3153976, at *8 ("both parties agree that the action should not have been removed to the Eastern District of California, but to the Central District of California, Eastern Division"). Defendants' error is hardly surprising given the similarity in the names of the relevant District and Division. Afterall, up until 1966, what currently constitutes the Southern Division of the Central District was part of the Southern District of California. *See* 28 U.S.C. § 84 (codifying Pub. L. 89-372, 80 Stat. 75, which created the Central and Eastern Districts of California). The Court, moreover, infers from Plaintiffs' failure to file a motion contesting venue, and from the absence of any such arguments in their response to Defendants' motion to compel arbitration, that Plaintiffs have no objection to the case being transferred to the Central District or to having a judge there, as opposed to here, resolve the Defendants' pending motion. (*See* ECF No. 5.)

Notwithstanding Plaintiffs' failure to contest venue, the Court finds that it is in the interest of justice to transfer this matter to the Central District of California. *See Capretto v. Stryker Corp.*, No. C07-03390-WHA, 2007 WL 2462138, *1 n. 1 (N.D. Cal. Aug. 29,

2007) (noting that a case removed to the wrong district should be transferred and not remanded).

### III. Conclusion

In the light of the foregoing reasons, the Court **ORDERS** that this case be transferred to the Central District of California, Southern Division, for consideration of Defendants' pending motion to compel arbitration. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: January 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge